**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE ALFREDO AGUILAR,

Plaintiff,

v.

Case No. 2:24-cv-01180-MIS-JHR

N2MIS,

Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MORE DEFINITIVE STATEMENT**

THIS MATTER is before the Court on Defendant N2MIS's Motion to Dismiss or in the Alternative More Definitive Statement, ECF No. 23, filed October 24, 2025. Plaintiff Jose Alfredo Aguilar, proceeding pro se, filed a Response on October 28, 2025, in which he incorporates a Motion for Leave to Amend the Complaint. ECF No. 24. On November 12, 2025, Defendant filed a Reply. ECF No. 25. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** Plaintiff's Motion for Leave to Amend and **DENY AS MOOT** Defendant's Motion to Dismiss or in the Alternative More Definitive Statement.

By way of background, briefly, it appears that Defendant hired Plaintiff as an employee and required him to submit to a psychological evaluation. See Am. Compl. at 2-3, ECF No. 22. Due to the results of the psychological evaluation, Defendant terminated Plaintiff's employment. See id. Plaintiff requested a second psychological evaluation as a reasonable accommodation, but Defendant ignored the request. See id.

On October 10, 2024, Plaintiff filed this lawsuit in New Mexico state court alleging violations of 10 C.F.R. § 1046.15 and the Americans with Disabilities Act ("ADA"). ECF No. 1-

3. On November 21, 2024, Defendant removed the case to the United States District Court for the District of New Mexico. ECF No. 1. The case was originally assigned to former United States District Judge James O. Browning, ECF No. 12, who referred the case to United States Magistrate Judge Jerry H. Ritter, ECF No. 13.

After removal, Defendant filed a Motion to Dismiss or in the Alternative More Definitive Statement. ECF No. 3. Plaintiff filed, inter alia, a Motion for Leave to Amend Complaint. ECF No. 14. On September 26, 2025, Judge Browning issued an Order, inter alia: (1) granting in part and denying in part Defendant's Motion, dismissing Plaintiff's claim for violation of 10 C.F.R. § 1046.15, and dismissing the ADA claim without prejudice; and (2) granting in part and denying in part Plaintif's Motion, permitting Plaintiff to amend his ADA claim but not his claim under 10 C.F.R. § 1046.15. ECF No. 21.

On October 10, 2025, Plaintiff filed an Amended Complaint, asserting a claim for "Violation of Due Process" and a claim for "Violation of the 'Regarded As' Provision of the ADA." ECF No. 22 at 3.

On October 24, 2025, Defendant filed the instant Motion to Dismiss or in the Alternative More Definitive Statement. ECF No. 23. On October 28, 2025, Plaintiff filed a Response in which he also "seeks leave to amend the complaint to clarify the allegations in Count I, changing the claim from due process violation to specifically a reasonable accommodation failure under the [ADA]." ECF No. 24 at 1. He states that he "mistakenly characterized the situation as a due process issue" and wants to "clarify that my concern specifically revolves around the reasonable accommodations required by the ADA[.]" Id. at 2. On November 12, 2025, Defendant filed a Reply. ECF No. 25.

On July 17, 2026, this case was reassigned to the Undersigned United States District Judge. ECF No. 27. On July 20, 2026, the Court entered an Order of Referral, referring this case to Judge Ritter. ECF No. 28. The Court hereby **VACATES** the Order of Referral solely with regard to Defendant's Motion to Dismiss or in the Alternative More Definitive Statement, ECF No. 23, and Plaintiff's Motion for Leave to Amend, ECF No. 24.

The Court finds that the most prudent way to proceed is to grant Plaintiff leave to amend. The Court warns that this may be the final amendment the Court permits Plaintiff to make, so Plaintiff shall take care to remedy all potential pleading errors. In this regard, the Court takes no position as to whether the proposed Second Amended Complaint attached to Plaintiff's Response satisfies Rule 8's pleading standard. Plaintiff wishes to make clear that he is asserting a claim under the ADA, and it appears that he wishes to assert a failure-to-accommodate claim. To this end, Plaintiff shall take care to clearly allege facts sufficient to establish each element of an ADA failure-to-accommodate claim such that it satisfies Rule 8's pleading standard and such that Defendant may formulate an answer. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Failure to do so may result in dismissal without leave to amend.

Therefore, it is **HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend, ECF No. 24, is **GRANTED**;
2. Plaintiff shall have **TWENTY-ONE** days from the date of this Order to file a second amended complaint that complies with Rule 8's pleading standards;
3. Plaintiff is **WARNED** that this may be the final amendment the Court permits him to make, so he shall take care to remedy all potential pleading defects; and

4. Defendant's Motion to Dismiss or in the Alternative More Definitive Statement, ECF No. 23, is **DENIED AS MOOT**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE